PLAZA DEVELOPMENT CORPORATION, Respondent, v FRANCIS J. VOGT, Individually and as District Attorney of the County of Ulster, et al., Appellants.

Third Department, June 10, 1976

*Francis J. Vogt,* District-Attorney (*E. Michael Kavanagh* and *Edward M. P. Greene* of counsel), for appellants.

*Steven A. Greenwold* for respondent.

Main, J. Plaintiff is the operator of a motion picture theatre in the Village of Highland, Ulster County. On October 16 and 20, 1975, State Police, pursuant to section 410.00 of the Penal Law, seized three motion picture projectors, five reels of film and other items from this theatre upon warrants issued by Town Justices who had viewed certain films at the theatre and concluded that they violated the obscenity provisions of the Penal Law. As a result of these incidents, plaintiff moved at Special Term on November 18 and 20, 1975 for a judgment declaring section 410.00 of the Penal Law unconstitutional, directing the District Attorney of Ulster County to return the seized projectors, and restraining defendants from making further seizures pending the determination of the issues herein. Agreeing that the statute is unconstitutional, Special Term granted plaintiff's application, and this appeal ensued.

We likewise hold that section 410.00 of the Penal Law is unconstitutional and, accordingly, affirm the judgment of Special Term. In *Miller v California* (413 US 15), the United States Supreme Court enunciated definite criteria to be followed by the various States in their respective attempts to regulate obscene material. According to *Miller (supra),* only

works which depict or describe sexual conduct may be proscribed and the prohibited conduct must be specifically defined by the applicable State law as it is either written or authoritatively construed. Moreover, State offenses must be limited to: "works which, taken as a whole, appeal to the prurient interest in sex, which portray sexual conduct in a patently offensive way, and which, taken as a whole, do not have serious literary, artistic, political, or scientific value." *(Id.,* at p 24.)

These guidelines were adopted by our own State Legislature in its amended definition of obscenity (Penal Law, § 235.00, subd 1), but no corresponding changes were made in the statute challenged here. Although defendants maintain that these two sections "are almost synonymous in their descriptions of 'hard core' sexual conduct even a cursory reading of them reveals substantial differences which can only be resolved by the Legislature and not the courts. Pursuant to section 410.00 of the Penal Law, any State peace officer may seize, *inter alia,* any equipment utilized in projecting pornographic motion pictures, and such pictures are defined in subdivision 9 of the statute simply as "motion picture(s) showing acts of sexual intercourse or acts of sexual perversion". Plainly, this definition is overly broad and does not conform to the criteria established by the United States Supreme Court.

Furthermore, subdivision 1 of the statute in question here permitted the seizure of not only the allegedly obscene films, but also equipment such as projectors vital to any operation of plaintiff's business without the benefit of a prior adversary proceeding and with no provision for the conduct of such a hearing promptly following the seizure. Such procedures plainly do not pass constitutional muster, but rather are in direct violation of plaintiff's rights as guaranteed by the First and Fourteenth Amendments to the Federal Constitution *(Heller v New York,* 413 US 483).

Accordingly, in light of all these various deficiencies, we hold that section 410.00 of the Penal Law is unconstitutional on its face and must not be upheld.

The judgment should be affirmed, without costs.

KOREMAN, P. J., GREENBLOTT, HERLIHY and REYNOLDS, JJ., concur.

Judgment affirmed, without costs.