OPINION OF THE COURT
John J. Walsh, J.
On or about the 17th day of December, 1976, the defendant Lo Ji Sales, Inc., was tried and convicted, after a jury trial in *1013 the Justice Court, Town of Whitestown, on two counts of obscenity in the second degree, a violation of subdivision 1 of section 235.05 of the Penal Law of the State of New York. On the same day, the defendant corporation was sentenced to pay a fine of $5,000 on each of the two counts. The defendant corporation, a Pennsylvania company doing business in this State, failed to pay the said fine.
On the 17th day of February, 1977, a certificate of the judgment of conviction was filed in the office of the clerk of the County of Oneida. Pursuant to CPL 420.20 such fine could be collected in the same manner as a judgment in a civil action and pursuant to CPLR 5230, executions were given to the Sheriffs of Broome, Jefferson, and Orange Counties in this State, wherein the defendant operated adult book shops.
On February 23, 1977, a notice of appeal from said conviction to the County Court of Oneida County was filed. On April 6, 1977, this court in a memorandum decision dismissed the appeal as not being timely made, and vacated the stay of execution of the judgment. An order to that effect was signed.
The Sheriffs of the Counties of Broome, Jefferson and Orange seized the assets of stores operating in their respective counties, consisting of cash, bank accounts, fixtures, projectors and merchandise. The several Sheriffs reported that they believed that some of the merchandise might not be salable pursuant to CPLR 5233, the same being obscene within the definition of obscenity under the law of this State. They requested some ruling or direction by this court as to how to proceed.
By a memorandum, dated April 29, 1977, this court ruled that whether such merchandise was or was not obscene could only be determined after a judicial review of the material, and an order was entered directing the various Sheriffs to proceed to dispose of such tangible items, except the merchandise, by public sale. The sales were conducted, but the proceeds therefrom have been insufficient to satisfy the judgment.
On June 14, 1977, the Orange County Sheriff delivered a large amount of material to the Oneida County Sheriff, and on July 13, the Broome County Sheriff transmitted 14 boxes, and the Jefferson County Sheriff 39 boxes of merchandise. These boxes are being presently held by the Sheriff, awaiting a determination by this court as to its possible disposition.
The County of Oneida seeks an order pursuant to the CPLR 5238 and 5240, authorizing the Sheriff of this county to alter *1014 the character of such merchandise seized, and to dispose of the same in such manner as the court may determine. The defendant corporation has appeared by counsel and takes the position that if the said material is found to be obscene, it must be returned to the corporation.
This court has examined the material seized to satisfy the judgment and determines that it would not be proper or lawful for the Sheriff to offer the same for sale at public auction, the said material being obscene within the meaning of the law of this State.
There appears to be no statutory procedure nor court precedent to guide this court in making a determination in this matter, and it might well prompt legislative clarification.
Material which is legally obscene is outside the scope of the First Amendment protection of free speech and press. While the right of the individual to possess obscene material in the privacy of one’s home has received constitutional protection, (Stanley v Georgia, 394 US 557), that protection does not extend to a corresponding right to do business in obscenity (United States v Thirty-Seven Photographs, 402 US 363, 376; United States v 12 200-Ft. Reels of Film, 413 US 123).
The difficulty encountered in the instant proceeding is that there is no forfeiture provision in our law. The United States Supreme Court has indicated that a State is not limited to the criminal process in seeking to protect its citizens against the dissemination of pornography (Kingsley Books v Brown, 354 US 436). As a result, some States have enacted contraband statutes, which include obscene materials (State v Voshart, 39 Wis 2d 419; People v Steskal, 55 Ill 2d 157).
Section 410.00 of the Penal Law of New York provides for the forfeiture and sale of any equipment used in the production or exhibition of obscene still or motion pictures, and vehicles used in the distribution thereof. The section does not refer to the still or motion pictures themselves, but only to the equipment. The constitutionality of this particular section is said to be questionable. (See Plaza Dev. Corp. v Vogt, 52 AD2d 396; People v One 1976 Ford Van, 59 AD2d 1045, involving this same defendant corporation.)
The only other forfeiture section is CPLR 6330 which authorizes the Supreme Court to issue a final order enjoining the sale and distribution of obscene material after an adversary hearing, and directing the seizure and destruction of such material. (De Salvo v Codd, 386 F Supp 1293.)
*1015 There can be no doubt that the defendant corporation was in the business of selling this obscene material to the public in its stores in the various counties of this State. The fact that the materials were seized in satisfaction of a judgment and not as evidence in a criminal proceeding does not detract from the fact that the corporation was engaged in promoting obscenity in this State in violation of its laws.
It would be ludicrous, and inconceivable for this court to direct that this material be returned to a corporation which has been found guilty of violating our laws and has refused to pay the fine imposed thereon, giving it the opportunity to again pollute the stream of commerce.
An order may be entered directing the Sheriff of Oneida County to alter, deface or shred this material so as to render it salable as scrap paper, and to sell the same and apply the proceeds toward a partial satisfaction of the outstanding judgment.
In view of the serious constitutional and statutory problems involved herein, the order will contain a stay of 40 days, after service of the order upon counsel for the defendant corporation, to enable the corporation to secure an appellate review thereof.